**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4278**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FERNARDO LEE JORDAN, a/k/a Fernand Lee Jordan, a/k/a Fernando Lee Jordan,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:20-cr-00031-REP-1)

_____

Submitted:  February 1, 2023                    Decided:  April 14, 2023

_____

Before RICHARDSON and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Carolyn V. Grady, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Olivia L. Norman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernardo Lee Jordan appeals his conviction, following a jury trial, for possession with intent to distribute heroin, fentanyl, and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (C). On appeal, Jordan asserts that the district court erred in denying his pretrial motion to suppress evidence discovered during the execution of a search warrant at his home. We affirm.

"When the district court denies a motion to suppress, we review its legal conclusions de novo and factual findings for clear error." *United States v. Orozco*, 41 F.4th 403, 407 (4th Cir. 2022). "In doing so, we consider the evidence in the light most favorable to the government, deferring to the reasonable inferences drawn by the local judge and law enforcement officers." *Id.* "When examining a warrant application, a judicial officer must make a 'common-sense' determination whether the application shows a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Jones*, 942 F.3d 634, 638 (4th Cir. 2019) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "We afford that probable cause determination great deference, and ask only whether the judicial officer had a substantial basis for finding probable cause." *Id.* (internal quotation marks omitted).

"[W]e long have held that an affidavit need not directly link the evidence sought with the place to be searched." *Id.* at 639. "Instead, the nexus requirement also may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." *Id.* (internal quotation marks omitted); *see United States v. Lalor*, 996 F.2d 1578, 1582 (4th Cir. 1993) (stating that "probable cause can be inferred from the

2

circumstances"). "[A] sufficient nexus can exist between a defendant's criminal conduct and his residence even when the affidavit supporting the warrant contains no factual assertions directly linking the items sought to the defendant's residence." *United States v. Grossman*, 400 F.3d 212, 217 (4th Cir. 2005) (internal quotation marks omitted); *see Lalor*, 996 F.2d at 1582 ("[A] warrant is not invalid for failure to produce direct evidence that the items to be seized will be found at a particular location."). The affidavit "need only supply enough facts for a neutral [judge], who may make reasonable inferences to fill in any logical gaps, to find the required nexus." *Orozco*, 41 F.4th at 410.

"In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched." *Lalor*, 996 F.2d at 1582.

> [W]e have upheld warrants to search suspects' residences [or] . . . temporary abodes on the basis of (1) evidence of the suspects' involvement in drug trafficking combined with (2) the reasonable suspicion (whether explicitly articulated by the applying officer or implicitly arrived at by the . . . judge) that drug traffickers store drug-related evidence in their homes.

*United States v. Williams*, 548 F.3d 311, 319 (4th Cir. 2008).

In September 2019, Blaine Davis, a detective with the Chesterfield County, Virginia, Police Department, applied in state court for a warrant to search, as is relevant here, a residence located in Westover Woods Circle, Richmond, Virginia ("Westover residence"). In an affidavit filed in support of the warrant request, Davis described a law enforcement investigation into Jordan's son, Faheem Jordan ("Faheem"), and three controlled purchases between Faheem and a confidential informant. A state judge granted

3

the warrant.  Upon execution of the warrant, officers discovered and seized from the Westover residence quantities of cocaine, heroin, and fentanyl, as well as a firearm, ammunition, over $19,000 in cash, a digital scale, and packing material.  Based on this evidence, Jordan was charged, tried, and convicted.

On appeal, Jordan contends that officers lacked probable cause to search the Westover residence because the affidavit supporting the warrant failed to establish a sufficient nexus between Faheem's alleged criminal activity and the Westover residence. Jordan argues that Faheem did not in fact live at the Westover residence and had not lived there for several years prior to the execution of the search warrant.

The affidavit stated that Faheem provided the address of the Westover residence as his primary residence on multiple occasions to multiple different entities, including the Virginia Department of Motor Vehicles ("DMV") for purposes of his driver's license and also when renting a vehicle that he operated during the third controlled purchase.  The BMW that Faheem drove during the first controlled purchase was registered using the address of the Westover residence.  Although the BMW was registered to Jordan, rather than Faheem, Davis stated in the affidavit that, based on his knowledge and experience handling drug cases, drug traffickers often purchase expensive vehicles and register those vehicles under the names of trusted individuals to avoid detection from law enforcement. *See Williams*, 548 F.3d at 320 (noting that issuing judge may rely on an officer's "assertion of training- and experience-based knowledge" to support nexus between criminal activity and place to be searched).  Furthermore, the affidavit stated that Faheem had provided the

4

address of the Westover residence to law enforcement multiple times with the most recent instance being only two months before the execution of the search warrant.

Jordan contends that officers knew Faheem did not reside at the Westover residence. In doing so, Jordan relies primarily on law enforcement reports prepared after the execution of the search warrant and the Government's statements during the suppression hearing. However, these post-search reports could not have had any impact on whether the affidavit provided the issuing judge with a substantial basis for finding probable cause—the sole question before us. *See United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996) ("When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the [judge] who issued the warrant."). We therefore conclude that, based on the affidavit, the issuing judge could have reasonably inferred that Faheem lived at the Westover residence. *See Orozco*, 41 F.4th at 410 (noting that warrant affidavit need not "close every inferential loop" and should instead be considered in a "commonsense[] manner" (internal quotation marks omitted)).

Because the issuing judge could reasonably infer that Faheem resided at the Westover residence, the judge could further reasonably infer that evidence of Faheem's drug activity would be found at that residence. *See Williams*, 548 F.3d at 320. Davis' assertion in the affidavit that drug traffickers frequently conceal narcotics within their own residences likewise supported the issuing judge's probable cause finding. *See id.* The affidavit's description of Faheem's criminal history, which included drug offenses, further supported probable cause. *See Grossman*, 400 F.3d at 214, 217-18 (noting that defendant's criminal history, which included felony drug offenses, supported judge's finding that

5

probable cause existed to search residences).  Therefore, because probable cause supported the search warrant, the district court did not err in denying Jordan's motion to suppress.[*]

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Because probable cause supported the search warrant, we need not consider the parties' arguments related to the good faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897, 922-24 (1984) (describing good faith exception).